IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNING AND CONSERVATION LEAGUE, | No. C 05-3527 CW |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| UNITED STATES BUREAU OF RECLAMATION, | |
| Defendant; | |
| SAN LUIS & DELTA-MENDOTA WATER AUTHORITY; and WESTLANDS WATER DISTRICT, | |
| Defendants-Intervenors (remedies phase only). | |

   Defendant United States Bureau of Reclamation moves to dismiss this action as moot, or, in the alternative, to remand this case to the agency for further action. Defendants-Intervenors San Luis & Delta-Mendota Water Authority and Westlands Water District join in Defendant's motion. Plaintiff Planning and Conversation League opposes the motion. The matter was submitted on the papers. Having considered all of the papers filed by the parties, the Court GRANTS Defendant's motion and dismisses this case as moot.

BACKGROUND

In this action, Plaintiff challenges the environmental review of a proposed 500-foot-long pipeline and related pumps, which would connect the main delivery canals of two water diversion projects -- the federal Central Valley Project and California's State Water Project -- in California's Central Valley. The proposed pipeline is known as the Delta-Mendota Canal/California Aqueduct Intertie (Intertie Project).

Plaintiff filed this action on August 31, 2005, challenging Defendant's compliance with the National Environmental Policy Act (NEPA) and the Administrative Procedure Act (APA) in approving the Intertie Project and signing a Finding of No Significant Impact (FONSI), instead of preparing an Environmental Impact Statement (EIS). After learning that construction on the Intertie Project was slated to begin on February 6, 2006, Plaintiff sought a temporary restraining order. On February 3, 2006, the Court granted Plaintiff's application for a temporary restraining order and enjoined Defendant from beginning construction on the Intertie Project until the preliminary injunction hearing. On February 14, 2006, the Court heard argument on Plaintiff's motion for a preliminary injunction. The next day, the Court ordered that, for the reasons explained in the order granting the temporary restraining order, Defendant was enjoined from beginning construction on the Intertie Project until this case is decided on the merits. A hearing on the parties' cross-motions for summary judgment is scheduled for May 26, 2006.

On March 13, 2006, Defendant voluntarily withdrew its FONSI for the Intertie Project. Defendant has stated that it will prepare an EIS related to the Intertie Project and will not begin construction of the Intertie Project until an EIS is completed and a record of decision is executed. The following day, Defendant filed this motion to dismiss the case as moot. On March 31, 2006, Plaintiff filed its opposition, noting that, although Defendant withdrew its FONSI, Defendant had not terminated its construction contract to build the Intertie Project. Plaintiff stated that, if Defendant terminated its construction contract, Plaintiff would support a stay of this action. Less than a week later, Defendant issued notice to Slayden Construction Group, Inc. to terminate its construction contract. On April 6, 2006, Slayden acknowledged receipt of the termination notice.

                                DISCUSSION

As the Supreme Court has explained, a "case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc., 528 U.S. 167, 170 (2000). Defendant and Defendants-Intervenors contend that Defendant's voluntary actions have made this case moot. Plaintiff disagrees, noting that the standard "for determining whether a case has been mooted by the defendant's voluntary conduct is stringent." Id. Although the standard is stringent, the Court finds that Defendant has meet its burden.

There is no reason to believe that, if this case were dismissed, Defendant would rely on the withdrawn FONSI to commence

3

1 construction of the Intertie Project.  Defendant is aware that, if
2 it were to do so, it would quickly find itself back before this
3 Court.  And the Court has already made clear that there is a strong
4 likelihood that Plaintiff would succeed on at least one of its
5 arguments that an EIS is required.

6 As noted above, Defendant has withdrawn the FONSI, terminated
7 its construction contract and committed not to go forward with
8 construction of the Intertie Project without preparing an EIS.
9 Like the court in Burton v. Norton, 308 F. Supp. 2d 16 (D.D.C.
10 2004), the Court is inclined to accept these representations,
11 especially in view of the concrete actions taken by Defendant.  In
12 addition to cancelling the construction contract, Defendant has
13 terminated the supply contract for pumps and motors, issued a stop-
14 work order on the supply contracts for the butterfly and check
15 valves, directed the cancellation of all supply solicitations for
16 the power transmission line contract and solicited a contractor to
17 prepare an EIS.  "Absent a showing of bad faith, representations
18 made by an administrative agency are entitled to a presumption of
19 good faith."  Calton v. Babbitt, 147 F. Supp. 2d 4, 8 (D.D.C.
20 2001).  Plaintiff provides no evidence to suggest bad faith.  Nor
21 does Plaintiff provide evidence to suggest that Defendant's present
22 intention to comply with NEPA is illusory and temporary.

23 In addition, the cases Plaintiff cites where courts have
24 rejected mootness arguments are distinguishable.  For example,
25 unlike here, the defendants in Malama Makua v. Rumsfeld, 136 F.
26 Supp. 2d 1155 (D. Haw. 2001), did not commit to preparing an EIS;
27 the defendants acknowledged that their voluntary withdrawal of the

4

Supplemental Environmental Assessment (SEA) and the FONSI could result in a "decision to prepare an EIS, to issue a revised FONSI, or to re-issue the previous SEA and FONSI substantially unchanged." 136 F. Supp. 2d at 1164.  In the cases Plaintiff cites there were reasons for the courts to find that the defendants might resume the challenged activity.  But, here, although Defendant states that it withdrew the FONSI to solicit further comment from interested parties and not because it should have prepared an EIS in the first place, there are no facts to suggest that Defendant will build the Intertie Project based on the FONSI.

## CONCLUSION

For the foregoing reasons, the Court will not force Defendant to defend a decision that it has withdrawn.  Defendant's motion to dismiss as moot (Docket No. 94) is GRANTED.  This complaint is dismissed without prejudice.  Plaintiff shall recover its costs from Defendant.[1]

IT IS SO ORDERED.

Dated: 5/15/06

*Claudia Wilken*

CLAUDIA WILKEN
United States District Judge

---

[1] Plaintiff's request to file a sur-reply (Docket No. 106) is GRANTED.  Plaintiff's motion to strike Intervenor's reply (Docket No. 107) is DENIED.

5